Concurring Opinion.
Marr, J.
I prefer to put my concurrence'in the deoree'just pronounced on the single ground that the commutation authorized by the Act of 1875, is not an exemption from taxation, but is the imposition of a specific tax, which is forbidden by the constitution, article 118.
The constitution of 1812 contained neither grant nor limitation of the power of taxation. Article 127 of the constitution of 1845, of which article 123 of the constitution of 1852 is a literal copy, seems to have had in view no other than the precise objects expressed in its terms; and to have been formed with no other design. These objects were:
1: To formulate the principle of equality and uniformity in taxation :
2: To prohibit specific taxation, by subjecting every species of property taxed to the same rate on valuation:
3 : To authorize an income tax on trades and professions :
4: To recognize the power of the Legislature to select the objects of taxation, and, consequently, in the exercise of its discretion, to exempt from taxation.
The constitution of 1864, article 124, seems to have been framed with the special design of depriving the Legislature of the power to select the objects of taxation, and the consequent power of exemption, except with respect to property actually used for church, or school, or ■charitable purposes.
Article 118, of the constitution of 1868, is copied from article 124, of the constitution of 1864, except that it substitutes the permissive “ may,” for the imperative “ shall,” leaving it discretionary with the Legislature to levy an income tax.
It would seem to be expedient, good policy, to leave some discretion to the Legislature, some power, carefully defined and strictly limited, to exempt from taxation other property besides that actually used for church, school, or charitable purposes ; but a comparison of articles 127, of the constitution of 1845, and 123, of the constitution of 1852> with the corresponding articles 124 of 1864, and 118 of 1868, will demonstrate, as I think, that it was the intention of the framers of the existing constitution to leave no discretion with the Legislature beyond that *449 expressed in its terms. See the dissenting opinions in Eourcby’s case 30 An. 914, 915.
The power to exempt from taxation is a very delicate and a very important one. In my judgment the exigencies of this case do not require a decision as to the extent of that power; and I prefer that it should not be passed upon finally now, because I do not consider it necessary to do so. I apprehend that the tribunals of Louisiana, perhaps some of the decisions of this Court, have been unduly influenced by decisions in other States, and the doctrines enunciated by eminent text-writers on taxation, based upon constitutional provisions and legislation, not identical with, if not materially different from our own ; and that the only safe guide for us is the text of the constitution itself.